**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Michael Greene,**
**Petitioner Below, Petitioner**

**vs.)   No. 22-0156** (Mercer County 21-C-231-WS)

**Shelby Searls, Superintendent,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Michael Greene appeals the order of the Circuit Court of Mercer County, entered on January 20, 2022, denying his second petition for a writ of habeas corpus.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

Petitioner was arrested on January 9, 2010, when he was sixteen years old,[2] in connection with the murder of Clayton Mitchum. Following an initial dismissal, petitioner was recharged with murder as a juvenile (Mercer County Criminal Case No. 11-JD-11). At the same time, petitioner was charged with three counts of delivery of a controlled substance (Mercer County Criminal Case No. 11-JD-118). In April of 2012, petitioner entered into a plea agreement with the State, which was approved by the circuit court. In that agreement, petitioner consented to an adjudication of delinquency on the three charges of delivery of a controlled substance and placement in a facility to complete a youthful offender program. Petitioner further consented to the filing of an information, agreed to a transfer to adult jurisdiction, and entered a guilty plea to first-degree robbery as an accessory, stemming from Mr. Mitchum's murder.

The plea agreement provided that petitioner's first-degree robbery sentence would be

---

[1]Petitioner is self-represented. Respondent Shelby Searls, Superintendent, Huttonsville Correctional Center, appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lara K. Bisset.

[2]Petitioner was born in September of 1993.

1

capped at twenty years of incarceration and that his sentence would be suspended in favor of probation in a deferred adjudication. If petitioner successfully completed the terms of his probation, his guilty plea to robbery would be withdrawn and the case dismissed. Pursuant to the plea agreement, the circuit court deferred adjudicating petitioner guilty of first-degree robbery and placed him on five years of probation. Four days later, the State filed a petition to revoke petitioner's probation alleging that he broke curfew, associated with felons, and possessed a concealed weapon. Thereafter, the circuit court revoked petitioner's probation and, pursuant to the plea agreement, adjudged him guilty and imposed the specified twenty-year sentence for first-degree robbery. In *State v. Greene* ("*Greene I*"), No. 15-0402 2016 WL 3463468 (W. Va. June 21, 2016) (memorandum decision), this Court affirmed the circuit court's decision to award petitioner a total of 317 days of credit for time served. *Id.* at *4.

Nevertheless, during petitioner's first habeas corpus proceeding, initiated in 2015, he included a claim alleging that his trial counsel failed to file an appeal in his criminal case. Petitioner also raised additional claims of ineffective assistance of trial counsel. Petitioner further alleged that the State failed to fulfill the terms of the plea agreement by transferring him to adult jurisdiction despite the provision in the agreement in which he consented to such a transfer. In *Greene v. Ames* ("*Greene II*"), No. 18-0072 2019 WL 2246623 (W. Va. May 24, 2019) (memorandum decision), this Court affirmed the circuit court's denial of petitioner's first habeas petition, rejecting the following assignments of error: (1) petitioner's trial counsel failed to file an appeal in his criminal case; (2) the evidence failed to establish that petitioner violated the terms of his probation; (3) the circuit court failed to review the probation revocation hearing record; (4) the circuit court erred in placing petitioner on adult probation when he was still under juvenile jurisdiction; and (5) the circuit court erred in concluding that petitioner's completion of a core curriculum did not satisfy the term of his plea agreement requiring "successful completion of a two-year [a]ssociate[']s degree program or an equivalent trade-school certification." *Id.* at *4.

On November 22, 2021, petitioner filed his second habeas petition, alleging that habeas counsel in his first habeas proceeding failed to: (1) discover all of the habeas grounds that would possibly justify relief; (2) argue that the State failed to fulfill the terms of the plea agreement because, according to petitioner, he was promised that he would remain in juvenile custody until he turned twenty years old; (3) adequately raise petitioner's claim that trial counsel failed to file an appeal in his criminal case; and (4) raise additional claims that trial counsel provided ineffective assistance. The circuit court, by order entered on January 20, 2022, denied the second habeas petition, finding that petitioner attempted to use ineffective assistance of habeas counsel as a guise to relitigate issues previously waived and/or adjudicated in *Green II*.

Petitioner now appeals the denial of his second habeas petition. This Court reviews a circuit court order denying a habeas petition under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va.

2

417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). However, because we have before us the denial of petitioner's second habeas petition, we initially consider the application of Syllabus Point 4 of *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981):

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

On appeal, petitioner argues that habeas counsel provided ineffective assistance during his first habeas proceeding. Respondent counters that the circuit court properly denied petitioner's second habeas petition. We agree with respondent and concur in the circuit court's finding that petitioner attempted to use ineffective assistance of habeas counsel as a guise to relitigate issues previously waived and/or adjudicated.

The circuit court held a habeas corpus hearing during the first habeas proceeding. *Greene II*, 2019 WL 2246623, at *3. Petitioner filed a *Losh* checklist[3] in the earlier proceeding, and, in its order denying the first habeas petition, the circuit court found that he "knowingly, intelligently, and voluntarily waived all [*Losh*] issues not addressed herein." Additionally, based upon our review of the transcript of the March 24, 2017, habeas corpus hearing, petitioner had a fair and full opportunity to raise of all of the issues he wanted to raise, including those issues that petitioner believed relevant but were not raised by habeas counsel.[4] Finally, on appeal, we affirmed the circuit court's finding that petitioner violated the terms of the plea agreement because, while petitioner successfully completed his juvenile sentence as to the three delivery charges, "he was properly placed on adult probation [for first-degree robbery], and then properly sentenced to incarceration following the revocation of that probation." *Greene II*, 2019 WL 2246623, at *5 (footnote omitted).

Petitioner successfully completed his juvenile sentence in May of 2013 when he was nineteen years old. *Id.* at *5 n.3. Petitioner asserts that he was promised that he would remain in juvenile custody until he turned twenty years old and argues that a May 25, 2012, letter from trial

---

[3]The checklist of grounds typically used in habeas corpus proceedings, usually referred to as the *Losh* checklist, originates from our decision in *Losh*, where we set forth the most common grounds for habeas relief. 166 W. Va. at 768-70, 277 S.E.2d at 611-12.

[4]For example, at the March 24, 2017, habeas corpus hearing, in addition to questioning by petitioner's habeas counsel, the circuit court permitted petitioner to pose his own questions during the examination of his trial counsel.

counsel constitutes newly discovered evidence of that promise. We set forth the test for evaluating newly discovered evidence in the Syllabus of *State v. Frazier*, 162 W. Va. 935, 253 S.E.2d 534 (1979):

> "A new trial will not be granted on the ground of newly-discovered evidence unless the case comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side." Syllabus Point 1, *Halstead v. Horton*, 38 W.Va. 727, 18 S.E. 953 (1894)[, *overruled on other grounds*, *State v. Bragg*, 140 W. Va. 585, 87 S.E.2d 689 (1955)].

We have further stated that, under the *Frazier* test, "[a]ll five factors must be proven before a new trial will be awarded." *Anstey*, 237 W. Va. at 422, 787 S.E.2d at 875.

We find that petitioner cannot establish at least two of the five factors of the *Frazier* test. In the May 25, 2012, letter, trial counsel informed petitioner that, if he accepted the plea agreement, he "would walk out" of a juvenile facility at twenty years old. However, trial counsel made the same or a substantially similar statement to petitioner in an April 27, 2012, letter,[5] and habeas counsel questioned petitioner about his understanding of trial counsel's statement at the March 24, 2017, habeas corpus hearing. Furthermore, we have previously found petitioner understood at the plea hearing that he would be placed on adult probation for first-degree robbery either when he completed a youthful offender program (which occurred when he was nineteen years old) or when he turned twenty one years old, "which[ever] occurs first." *Green II*, 2019 WL 2246623, at *5. Thus, we find that trial counsel's May 25, 2012, letter is cumulative evidence as it contains the same or a substantially similar statement as the April 27, 2012, letter and that, due to our finding in *Green II*, the existence of the May 25, 2012, letter would not produce an opposite result in petitioner's second habeas proceeding and so did not constitute newly discovered evidence. Therefore, we find that the circuit court properly found that all of the claims set forth in the second habeas petition were previously waived and/or adjudicated. Accordingly, we conclude that the circuit court did not abuse its discretion in denying petitioner's second petition for a writ of habeas corpus.

For the foregoing reasons, we affirm the circuit court's January 20, 2022, order.

---

[5]The only difference between the two letters is that, in the April 27, 2012, letter, trial counsel uses "could" instead of "would."

4

                                                                    Affirmed.

**ISSUED**: March 7, 2023


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn